COPY

JAMES C. POTEPAN (SBN 107370)
COURTNEY E. CURTIS (SBN 245231)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: jpotepan@rmkb.com
ccurtis@rmkb.com

Attorneys for Defendant
MOET HENNESSY USA, INC.

BY:
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
12 APR 27 PM 3:03
FILED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV12-03691 RGK (MANx)

| | |
|---|---|
| ALICYN PACKARD, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>MOET HENNESSY USA, INC., a<br>Delaware corporation; and DOES 1<br>through 50, inclusive,<br><br>                    Defendants. | Case No.:<br><br>Complaint Filed:        03/29/2012<br><br>**NOTICE OF REMOVAL OF<br>ACTION UNDER 28 U.S.C. § 1441(b)<br>[Diversity Jurisdiction]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Moet Hennessy USA, Inc.

("Defendant") respectfully seeks removal of the action described below to the

United States District Court for the Central District of California, Western Division.

1.     On March 29, 2012, an action was commenced against Defendant in

the Superior Court of California, County of Los Angeles, Case No. BC481858,

entitled *Packard v. Moet Hennessy USA, Inc.*

2.     On March 30, 2012, service was made on Defendant of a summons

and complaint, copies of which are attached to this Notice. On April 9, 2012,

Plaintiff Alicyn Packard ("Plaintiff") filed a preemptory challenge to the Superior

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RCI/6445654.1/CC10

- 1 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Court Judge assigned to the action with the Los Angeles Superior Court, pursuant

2   to California Code of Civil Procedure § 170.6(a)(2).  On April 10, 2012, the Los

3   Angeles Superior Court issued an order in response to Plaintiff's preemptory

4   challenge, and re-assigned the action.  There have been no other proceedings in the

5   state court action.

6       3.    The above-described action is a civil action of which this Court has

7   original jurisdiction under the provisions of the United States Code, Title 28,

8   section 1332(a), and is one that may be removed to this Court by Defendant

9   pursuant to the United States Code, Title 28, section 1441(b), according to the

10   following facts:

11       (a)    Plaintiff, at the time this action was commenced, was and still is

12   a citizen of the State of California.  Defendant, at the time this action was

13   commenced, was and still is a corporation incorporated under the laws of the State

14   of Delaware, with its principal place of business in the State of New York, and was

15   not and is not incorporated under the laws of the State of California, wherein this

16   action was brought; and

17       (b)    Although Plaintiff's complaint in this action does not expressly

18   allege that the amount in controversy exceeds $75,000, Plaintiff nevertheless

19   contends that the amount in controversy does exceed $75,000, exclusive of interest

20   and costs, and has signed a stipulation to this effect, a copy of which is attached to

21   this Notice.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    Wherefore, Defendant prays that the above action now pending against it in

2  the Superior Court of California, County of Los Angeles, be removed to this Court.

3

4

5  Dated:        April 27, 2012                    ROPERS, MAJESKI, KOHN &
                                                   BENTLEY

6

7                                                  By:

8                                                  JAMES C. POTEPAN
                                                   COURTNEY E. CURTIS
9                                                  Attorneys for Defendant
                                                   MOET HENNESSY USA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** MOET HENNESSY USA, INC., a
***(AVISO AL DEMANDADO):*** Delaware corporation; and DOES 1
through 50, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 29 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

**YOU ARE BEING SUED BY PLAINTIFF:** ALICYN PACKARD, an
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>111 North Hill Street<br>Same<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):* B C 4 8 1 8 5 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey F. Gersh (SBN 87124)        818/536-5700    818/981-4618
GERSH | DERBY, Attorneys at Law
15821 Ventura Blvd., Suite 515

*JOHN A. CLARKE, by CLERK*

**Shaunya Wesley**

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* MAR 29 2012 | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

- 4 -

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 2 9 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

1  Jeffrey F. Gersh, State Bar No. 87124
   jgersh@gershderbylaw.com
2  Paul B. Derby, State Bar No. 211352
   pderby@gershderbylaw.com
3  GERSH | DERBY, Attorneys at Law
   15821 Ventura Boulevard, Suite 515
4  Encino, California 91436
   Telephone:  (818) 536-5700
5  Facsimile:  (818) 981-4618

6  Attorneys for Plaintiff
   ALICYN PACKARD

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

                                        BC 4 8 1 8 5 8
11

12  ALICYN PACKARD, an individual,        Case No.

13             Plaintiff,                 **COMPLAINT FOR:**

14      v.                                **(1)  VIOLATION OF CALIFORNIA
                                               CIVIL CODE § 3344
15  MOET HENNESSY USA, INC., a Delaware        (UNAUTHORIZED USE OF
    corporation; and DOES 1 through 50,        ANOTHER'S PHOTOGRAPH
16  inclusive,                                 AND LIKENESS FOR
                                               ADVERTISING)**
17             Defendants.                **(2)  COMMON LAW
                                               MISAPPROPRIATION OF
18                                             LIKENESS
                                          (3)  NEGLIGENT INFLICTION OF
19                                             EMOTIONAL DISTRESS**

20

21                                        **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

CIT/CASE: BC481858 LEW/DEF#:
RECEIPT #:  CCH46598O019
DATE PAID:  03/29/12  10:15:52 AM
PAYMENT:  $395.00
RECEIVED:                      0310
        CHECK:
        CASH:
        CHANGE:        395.00
        CARD:

COMPLAINT

Plaintiff Alicyn Packard complains against Moet Hennessy USA, Inc., a Delaware corporation, and DOES 1 through 50, inclusive, as follows:

### PARTIES

1.    Plaintiff Alicyn Packard ("Ms. Packard" or "Plaintiff") is, and at all times herein mentioned was, an individual residing in the State of California, County of Los Angeles.

2.    Plaintiff is informed and believes, and based thereon alleges, that defendant Moet Hennessy USA, Inc. ("Moet Hennessey") is, and at all times herein mentioned was, a Delaware corporation with offices at 85 Tenth Avenue, New York, New York, 10011. Plaintiff is further informed and believes, and based thereon alleges, that at all times herein mentioned, Moet Hennessey was qualified to do business in the State of California and regularly does business in the State of California by knowingly advertising and selling wines and spirits in California, including the Belvedere Vodka brand at issue in this Complaint. (Moet Hennessy and the DOE Defendants set forth below, are collectively referred to herein as "Defendants.")

3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these DOE defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon, that each of the fictitiously-named DOE Defendants is responsible and liable to Plaintiff in some manner for the events, happenings, contentions, and occurrences herein alleged, and that Plaintiff's damages were proximately caused by said Defendants' conduct.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendants ratified and/or authorized the conduct of one another, and/or conspired with each other, in committing the acts and omissions alleged in this complaint.

5.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this complaint, each of the Defendants was and is the alter ego, agent, employee, servant, subsidiary, partner, member, associate or representative of each of the remaining

Defendants, and in doing or omitting to perform the acts alleged herein, was acting within the course and scope of the agency, employment, service, partnership, membership, association and/or representative relationship and with knowledge and consent of their respective principals, employees, masters, and/or parent entities.

<u>VENUE</u>

6. Pursuant to California Code of Civil Procedure Section 395, *et seq.*, venue is proper in the Superior Court of the State of California in and for the County of Los Angeles because the injury to Plaintiff and the acts of Defendants giving rise to Plaintiff's claims occurred in, and thus liability arose in, the County of Los Angeles, State of California and Defendants regularly conduct business in and derive substantial income within, the County of Los Angeles, State of California.

<b>FACTUAL ALLEGATIONS</b>

7. Plaintiff is informed and believes, and based thereon alleges, that Belvedere Vodka does considerable advertising by way of social media, particularly Facebook and Twitter. Belvedere has nearly 1 million Facebook fans and more than 10,000 persons follow Belvedere on Twitter.

8. On Friday, March 23, 2012, Belvedere posted the following advertisement on its Facebook and Twitter pages:



2<br>COMPLAINT

1  The phrase "GOES DOWN" appears to be a double-entendre for rape, oral or other non-

2  consensual sexual acts.  Plaintiff is informed and believes, and based thereon alleges, that

3  many persons who commented on the ad, including nearly every news organization,

4  considered it to derogate the seriousness of rape and condone, if not promote, the violent act,

5  by suggesting that unlike the man in the advertisement, who will have to force the woman in

6  the advertisement to have sex with him, Belvedere Vodka "goes down smoothly."

7        9.     The above advertisement is a screenshot from a Strickly Viral Productions

8  (stricklyviral.com) video entitled "Awkward Moments, #543, The Baby Picture."  The

9  source of the screenshot is already reflected multiple times on Belvedere's Facebook page,

10  which contains links to the Strickly Viral video.

11        10.    The two persons in the screenshot are Alicyn Packard, the Plaintiff, and her

12  friend and owner of Strickly Viral Productions Chris Strickland.

13        11.    No one – Plaintiff, Mr. Strickland, or Strickly Viral Productions – gave

14  Defendants permission to use the screenshot or Plaintiff's image and likeness in Belvedere's

15  advertisement.  Plaintiff was never shown a copy of the advertisement and never approved

16  the advertisement before its publication by Defendants on Facebook and Twitter.

17        12.    There was an immediate, overwhelming backlash to the advertisement.  Some

18  of the comments on Facebook in the hours following the advertisement included:  "I cannot

19  even express how offensive and wrong your ad is.  Rape jokes are not funny."  "Too late to

20  apologize…damage is done.  Wow—have you alienated a huge force of women."  "It is too

21  late to take back the insulting image that will live forever on the web.  I will never buy your

22  product.  You need to fire someone.  Rape is not entertainment."  "I now know what brand of

23  vodka to avoid.  By the way, rape is NOT ok nor is it funny."  "The thought that multiple

24  'professionals' saw this shameful portrayal of sexual assault as an acceptable situation to

25  exploit in selling your product calls into question the judgment of so many in your

26  organization."

27

28

GERSH|DERBY
ATTORNEYS AT LAW

13.     While Defendants pulled the advertisement from its Facebook and Twitter pages, persons all over the world had already viewed and captured the advertisement, which was within an hour or two the subject of considerable controversy, and which will never be completely removed from the memory banks of the internet.  As noted in the Forbes article regarding the ad: "Of course deletion on the Internet is near impossible and many people captured screenshots, realizing how outrageous and retractable it was."

14.     The controversy surrounding the advertisement was immediately picked up by news organizations around the world, including Forbes, The Huffington Post, CNN, Time Magazine, The Atlantic, New York Magazine, The Globe and Mail, dailykos.com, The Observer, MSN, Yahoo!, and Fox News.  In fact, a story regarding the advertisement, including a picture of the advertisement, was featured on the home page of Yahoo!  This portrayal of Plaintiff and Mr. Strickland in a rape scene was viewed by millions of persons worldwide, including Plaintiff's friends and family, and persons in the same entertainment industry within which Plaintiff works, seeks to make a living, and seeks to maintain her reputation and image.

15.     The coverage of the advertisement by the news media was scathing:

a.     The Jane Dough wrote: "While we're used to see piggish rape jokes like this on trashy t-shirts, the accompanying photo takes the ad to whole new heights of awfulness. Put bluntly: This woman looks genuinely terrified.  It's not funny; it's not cute.  She looks scared.  That anyone thought this was a good idea — even if Belvedere did, as Jezebel said, remove it almost immediately — is disturbing." "…this is the most awful piece of promotional material I've seen published in the last several months, if not years."

b.     Forbes Magazine wrote: "This frat-boy humor was a terrible judgment call by someone in Belvedere's marking department given the general unfunniness of rape jokes compounded by the sensitivity around the role alcohol plays in sexual assault."

c.     The Globe and Mail wrote: "The dateline on this story is not a mistake.  The year is 2012, and a prominent brand has made a joke out of sexual assault in its advertising." "'It is quite possibly the most offensive thing I have seen in a long time,' Florida beer writer

GERSH|DERBY
ATTORNEYS AT LAW

1  Sean Nordquist wrote on Twitter in response to Belvedere's apology." "It's horrendous. …

2  It's beyond a misstep, it's negligent," said Matt Singley, chief executive officer of L.A.-

3  based social-media marketing firm Singley + Mackie, Inc. He questioned the perception that

4  the ad might have been the error of an individual, either at the ad agency or the company

5  itself. He said the large brands with which his firm works, including Microsoft and AT&T,

6  require several levels of approval before an ad is released. "Unfortunately I think a lot of

7  people saw this and gave it the thumbs-up. But how could anyone think this is acceptable?"

8      d.      Countless other news stories, including from Fox News, CNN, Time, the

9  International Business Times, The Observer, the Huffington Post, and Gather News, are to

10  the same effect, detailing the public humiliation of Plaintiff. The effect of the Belvedere

11  advertisement was not only to publicly humiliate Plaintiff, but to create the false impression

12  that Plaintiff had participated in and approved of the advertisement.

13      16.    Defendants issued an apology on the Belvedere Facebook page: "We sincerely

14  apologize to any of our fans who were offended by our recent post and related comments.

15  As always, we continue to be an advocate of safe and responsible drinking."

16      17.    Belvedere's President issued an apology: "My name is Charles Gibb and I am

17  the President of Belvedere Vodka. I would like to personally apologize for the offensive

18  post that recently appeared on our Facebook page. It should never have happened. I am

19  currently investigating the matter to determine how this happened and to be sure it never

20  does so again. The content is contrary to our values and we deeply regret the lapse."

21      18.    Recognizing the advertisement clearly made light of rape, Belvedere then

22  donated to RAINN, the Rape, Abuse and Incest National Network, Belvedere President Mr.

23  Gibb said, "as an expression of our regret over this matter."

24      19.    Belvedere's Senior Vice President of Global Marketing also issued an apology:

25  "I am Jason Lundy, SVP of Global Marketing for Belvedere. Unfortunately a Facebook &

26  Twitter posting was made today that has offended many of our fans and followers – and

27  indeed the people who work here at Belvedere. The post is absolutely inconsistent with our

28  values and beliefs and in addition to removing the offensive post we are committed to

1  making sure that something like this doesn't happen again.  As an expression of our deep

2  disappointment and regret, we are making a charitable donation to a women's support cause.

3  We deeply apologize to our fans & followers."

4       20.    While Defendants have apologized to nearly everyone else, and admitted the

5  offensiveness of the advertisement, they have yet to apologize to Plaintiff, whose image they

6  used without permission to sell vodka, and who has now been unwillingly made the face of

7  the Belvedere advertising campaign that jokes about rape, and has been put front and center

8  in the worldwide controversy created by Defendants.

### FIRST CAUSE OF ACTION

(Violation of California Civil Code § 3344 – Use of Another's Photograph and Likeness for

Advertising)

(Against All Defendants)

21.    Plaintiff incorporates herein by this reference each and every allegation

contained in paragraphs 1 through 20 as though fully set forth herein.

22.    Defendants knowingly used a photograph of Plaintiff and her likeness to

advertise Belvedere vodka, intending to use Plaintiff's photograph and likeness to market

and sell Belvedere vodka.  Defendants did not obtain Plaintiffs' permission to use the

photograph and her likeness in advertising and attempting to sell Belvedere vodka.

23.    There is a direct connection between the use of Plaintiff's photograph and

likeness and a commercial purpose, as the photograph and likeness were directly used in an

advertisement on Facebook and Twitter for Belvedere vodka.

24.    Plaintiff has been irreparably injured as a result of the advertisement, in an

amount to be proven at trial.  Plaintiff has suffered injuries to her reputation and her ability to

market herself in the entertainment industry, and suffered tremendous anxiety and distress,

fearing the effect of this unauthorized marketing and subsequent media firestorm on both her

professional and personal lives.

25.     Further, Defendants profited by copying and using Plaintiff's photograph, saving the cost of scouting for and casting actors, photographer fees, film and processing, studios, production, and other direct and incidental expenses.  Defendants were therefore unjustly enriched through the unauthorized use of Plaintiff's photograph and likeness.

26.     Pursuant to California Civil Code section 3344, in addition to the actual damages suffered or statutory damages to which Plaintiff is entitled to recover, Plaintiff is further entitled to recover any profits Defendants have realized from the unauthorized use of Plaintiff's photograph and likeness that are attributable to such use, in an amount to be proven at trial.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts were done intentionally, willfully, maliciously, and with wanton disregard for the rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages, pursuant to California Civil Code section 3344.

28.     Plaintiff has also incurred and will continue to incur attorneys' fees prosecuting this lawsuit, and under California Civil Code section 3344, as the prevailing party, would be entitled to recover her attorneys' fees from Defendants.

## SECOND CAUSE OF ACTION

### (Common Law Misappropriation of Likeness)

### (Against All Defendants)

29.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein.

30.     Defendants used a photograph of Plaintiff and her likeness to advertise Belvedere vodka on Facebook and Twitter.

31.     The use of Plaintiff's photograph and likeness by Defendants was for a commercial use, intended to be for the benefit of Defendants by promoting Belvedere vodka to the approximately one million persons who are fans of the vodka on Facebook or follow the vodka on Twitter, all to Defendants' advantage.

GERSH | DERBY
ATTORNEYS AT LAW

32.    Defendants did not obtain Plaintiff's permission to use the photograph and her likeness in advertising and attempting to sell Belvedere vodka.  Plaintiff never consented to the use of her photograph and likeness by Defendants, and never consented to the use of her photograph and likeness in a Belvedere vodka advertisement.  Plaintiff never would have provided such consent, if asked, and certainly would never have consented to the use in connection with an advertisement that mocked rape and was shockingly offensive.

33.    Plaintiff has been irreparably injured as a result of the advertisement, in an amount to proven at trial.  Plaintiff has suffered injuries to her reputation and her ability to market herself in the entertainment industry, and suffered tremendous anxiety and distress, fearing the effect of this unauthorized marketing and subsequent media firestorm on both her professional and personal lives.

34.    Further, Defendants profited by copying and using Plaintiff's photograph, saving the cost of scouting for and casting actors, photographer fees, film and processing, studios, production, and other direct and incidental expenses.  Defendants were therefore unjustly enriched through the unauthorized use of Plaintiff's photograph and likeness.

### THIRD CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

(Against All Defendants)

35.    Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36.    Defendants were negligently, if not grossly negligent, in using Plaintiff's photograph and likeness in advertising Belvedere vodka without her knowledge or consent, and in using Plaintiff's photograph and likeness to be connected with an advertisement that joked about rape and provoked a public backlash.

37.    Plaintiff has suffered severe emotional distress as a result of Defendants' unauthorized use of Plaintiff's photograph and likeness in the offensive, tasteless Belvedere vodka advertisement.  Defendant's negligence was a substantial factor in causing Plaintiff's emotional distress.

38.     An ordinary person in Plaintiff's circumstances would not be able to cope with the anxiety and stress caused by having her image used to mock rape.  Plaintiff's image was distributed without permission and viewed by millions of persons worldwide.  Plaintiff has suffered damages including anguish, fright, grief, anxiety, worry, shock, humiliation and shame, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1.     For judgment in favor of Plaintiff and against Defendants;

2.     For an award of compensatory damages in favor of Plaintiff in an amount to be proven at trial, plus interest at the legal rate;

3.     Any profits Defendants have realized from the unauthorized use of Plaintiff's photograph and likeness that are attributable to such use, in an amount to be proven at trial;

4.     Punitive damages in an amount to be proven at trial;

5.     For attorneys' fees as allowed by Civil Code section 3344;

### ON THE SECOND CAUSE OF ACTION

1.     For judgment in favor of Plaintiff and against Defendants;

2.     For an award of compensatory damages in favor of Plaintiff in an amount to be proven at trial, plus interest at the legal rate;

### ON THE THIRD CAUSE OF ACTION

1.     For judgment in favor of Plaintiff and against Defendants;

2.     For an award of compensatory damages in favor of Plaintiff in an amount to be proven at trial, plus interest at the legal rate;

### ON ALL CAUSES OF ACTION

1.     For costs of suit incurred herein; and

2.     For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in this matter.

DATED:  March 29, 2012

GERSH | DERBY, Attorneys at Law

By: _____
JEFFREY F. GERSH
PAUL B. DERBY

Attorneys for Plaintiff
ALICYN PACKARD

GERSH | DERBY
ATTORNEYS AT LAW

1  JAMES C. POTEPAN (SBN 107370)
2  COURTNEY E. CURTIS (SBN 245231)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  515 South Flower Street, Suite 1100
   Los Angeles, CA  90071-2213
4  Telephone:    (213) 312-2000
   Facsimile:    (213) 312-2001
5  Email:        jpotepan@rmkb.com
                 ccurtis@rmkb.com
6
   Attorneys for Defendant
7  MOET HENNESSY USA, INC.

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10

11  ALICYN PACKARD, an individual,      Case No.:         BC481858
                                         Complaint Filed:  03/29/2012
12             Plaintiff,
                                         **STIPULATION BY PLAINTIFF RE
13        v.                             AMOUNT IN CONTROVERSY**

14  MOET HENNESSY USA, INC., a
    Delaware corporation; and DOES 1
15  through 50, inclusive,

16             Defendants.

17

18       **WHEREAS**, there is now pending in this Court an action entitled *Packard v. Moet*

19  *Hennessy USA, Inc.*, Case No. BC481858;

20       **WHEREAS**, Defendant Moet Hennessy USA, Inc. has indicated its intent to seek

21  removal of this action to federal court on the basis of diversity of citizenship pursuant to 28

22  U.S.C. section 1441;

23       **WHEREAS**, Plaintiff Packard's complaint in this action does not expressly allege that the

24  amount in controversy exceeds $75,000, but Plaintiff nevertheless contends that the amount in

25  controversy does exceed $75,000;

26       **WHEREFORE, PLAINTIFF HEREBY STIPULATES** that she contends the amount

27  in controversy in the action exceeds the sum or value of $75,000, exclusive of interest and costs,

28  without any stipulation, admission, or acknowledgment by Defendant that Plaintiff has been

RC1/6441897.1/CC10                    - 1 -

*(left margin, vertical text)* Ropers Majeski Kohn & Bentley / A Professional Corporation / Los Angeles

- 16 -

1    damaged in any such an amount or has been injured or damaged at all in connection with the acts

2    or omissions alleged in Plaintiff's complaint.

3

4

Dated: April ~4, 2012                          GERSH | DERBY, ATTORNEYS AT LAW

5

6

By: _____

7        JEFFREY F. GERSH

8        PAUL B. DERBY
         Attorneys for Plaintiff

9        ALICYN PACKARD

10

11   Dated: April 25, 2012                          ROPERS, MAJESKI, KOHN & BENTLEY

12

13   By: _____
         JAMES C. POTEPAN

14       COURTNEY E. CURTIS
         Attorneys for Defendant

15       MOET HENNESSY USA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/6441897.1/CC10                          - 2 -

**CASE NAME:**          *Alicyn Packard v. Moet Hennessy USA, Inc., et al.*

**ACTION NO.:**

## PROOF OF SERVICE

**METHOD OF SERVICE:**

☒ First Class Mail          ☐ Facsimile          ☐ Personal Delivery By Messenger Service

☐ Overnight Delivery          ☐ E-Mail/Electronic Delivery

1.     At the time of service I was over 18 years of age and not a party to this action.

2.     My business address is 515 South Flower Street, Suite 1100, Los Angeles, California 90071.

3.     On April 27, 2012, I served the following document:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)
[DIVERSITY JURISDICTION]**

4.     I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

| | |
|---|---|
| Jeffrey F. Gersh, Esq.  (SBN #87124)<br>Paul B. Derby, Esq. (SBN #211352)<br>GERSH/DERBY, Attorneys at Law<br>15821 Ventura Boulevard, Suite 515<br>Encino, California 91436<br>Telephone:  (818) 536-5700<br>Facsimile:  (818) 981-4618<br>jgersh@gershderbylaw.com<br>pderby@gershderbylaw.com | *Attorneys for Plaintiff ALICYN PACKARD* |

5.     I served the documents by the following means:

     a. ☒ **By United States Mail**:  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    b. ☐ **By Overnight Delivery**:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

    c. ☐ **Personal Service By Messenger Delivery**:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

    d. ☐ **By Fax Transmission**:  Based on an agreement between the parties and in conformance with Fed. Rules Civ. Proc. rule 5, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4.

    e. ☐ **By Email or Electronic Transmission**:  Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I am employed in the office of a member of the bar of this court at whose direction the service was made.  I certify under penalty of perjury that the foregoing is true and correct.

DATED:  April 27, 2012

_____
TONI PIERSON

RC1/6447581.1/TP1

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 3691 RGK (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALICYN PACKARD | MOET HENNESSY USA, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jeffrey F. Gersh, Esq. (SBN #87124) | James C. Potepan, Esq. (SBN 107370) |
| Paul B. Derby, Esq. (SBN 211352) | Courtney E. Curtis, Esq. (SBN 245231) |
| GERSH/DERBY, Attorneys at Law | ROPERS, MAJESKI, KOHN & BENTLEY |
| 15821 Ventura Blvd., Suite 515, Encino, CA 91436 | 515 S. Flower Street, Suite 1100 |
| Telephone: (818) 536-5700/Fax: (818) 981-4618 | Los Angeles, CA 90071 |
| | Telephone: (213) 312-2000/Fax: (213) 312-2001 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal pursuant to 28 U.S.C. Sections 1332 (a) and 1441 (b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-03691

| FOR OFFICE USE ONLY:   Case Number: _____ |
|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
      ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | N/A |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
      ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and New York. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | N/A |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  /s/ James C. Potepan          Date April 27, 2012
                                         James C. Potepan, Esq.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

**CASE NAME:**     *Alicyn Packard v. Moet Hennessy USA, Inc., et al.*

**ACTION NO.:**

## PROOF OF SERVICE

**METHOD OF SERVICE:**

☒ First Class Mail          ☐ Facsimile          ☐ Personal Delivery
By Messenger
Service

☐ Overnight Delivery     ☐ E-Mail/Electronic
Delivery

1.    At the time of service I was over 18 years of age and not a party to this action.

2.    My business address is 515 South Flower Street, Suite 1100, Los Angeles, California 90071.

3.    On April 27, 2012, I served the following document:

### CIVIL COVER SHEET

4.    I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

| | |
|---|---|
| Jeffrey F. Gersh, Esq.  (SBN #87124)<br>Paul B. Derby, Esq. (SBN #211352)<br>GERSH/DERBY, Attorneys at Law<br>15821 Ventura Boulevard, Suite 515<br>Encino, California 91436<br>Telephone:  (818) 536-5700<br>Facsimile:  (818) 981-4618<br>jgersh@gershderbylaw.com<br>pderby@gershderbylaw.com | *Attorneys for Plaintiff ALICYN PACKARD* |

5.    I served the documents by the following means:

     a. ☒ **By United States Mail**:  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

RCl/6447581.1/TP1

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**b.  ☐  By Overnight Delivery**:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**c.  ☐  Personal Service By Messenger Delivery**:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

**d.  ☐  By Fax Transmission**:  Based on an agreement between the parties and in conformance with Fed. Rules Civ. Proc. rule 5, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4.

**e.  ☐  By Email or Electronic Transmission**:  Based on an agreement between the parties and/or as a courtesy, I sent the documents to the persons at the email addresses listed in item 4.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I am employed in the office of a member of the bar of this court at whose direction the service was made.  I certify under penalty of perjury that the foregoing is true and correct.

DATED:  April 27, 2012

TONI PIERSON

RC1/6447581.1/TP1

PROOF OF SERVICE

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles